UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY COLEMAN, M.D                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:24-CV-156-DPJ-ASH

MERIDIAN IMAGING, P.A.                                                            DEFENDANTS

ORDER

After working for Meridian Imaging, P.A., for thirteen years, Amy Coleman, M.D., left and looked to practice radiology elsewhere in the vicinity. But Meridian Imaging invoked the non-competition clause in her employment agreement. Coleman now requests a preliminary injunction to enjoin Defendant from enforcing that clause. Mot. [8]. Because she fails to show irreparable injury, the Court denies the motion as well as her later motion for an evidentiary hearing [16].

I.     Facts and Proceedings

The facts presented are those of the verified Complaint [1], as no other affidavits or declarations have been submitted. Coleman began work for Meridian Imaging, P.A., in January 2010 under a Physician Employment Agreement. Compl. [1] ¶ 4; *id*. Ex. A [1-1] (agreement). She worked part-time doing breast imaging, a field in which she has a fellowship. *Id*. ¶¶ 4–5. Her workload increased, but her salary did not. *Id*. ¶¶ 5, 7–8. Finally in October 2023, Coleman quit rather than persist under those conditions, having been paid less than her male colleagues. *Id*. ¶ 8.

Because her employment agreement included a non-competition clause, she asked the practice to waive it. *Id*. ¶ 11. It refused and threatened to enforce the agreement if she looked for radiology work within 45 miles of the city of Meridian in the next two years. *Id*. ¶ 12; *see id*. Ex. A. [1-1] § 7.2 (non-competition clause). Coleman believes one local hospital was interested

1

in hiring her but Meridian Imaging deterred it by providing it with "false and derogatory information." *Id*. ¶ 14.

Coleman sued under five counts: violation of the Sherman Act, 15 U.S.C. § 1; restraint of trade under Mississippi Code section 75-21-1; violation of the common law of Mississippi regarding agreements not to compete; violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1); and tortious interference with business relations. She seeks various damages and "injunctive and declaratory relief" holding the non-competition clause to be void. Compl. [1] at 9. A month after suing, Coleman moved for a preliminary injunction against enforcing that clause. Mot. [8]. She requested an evidentiary hearing to prove the merits of the injunction. *Id*. Then she filed a separate motion for a hearing. Mot. [16].

II.  Standard

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1] "A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Because "[a]n

---

[1] The "ordinary meaning" of "likely" is "having a better chance of existing or occurring than not." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985) (interpreting federal bail statute; citing *Webster's Third New International Dictionary* 1310 (1976)); *but see Ill. Repub. Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) (construing *Winter* as not imposing preponderance standard for injunctive-relief element of likely success on merits).

injunction imposes burdens on the court that issues it and potentially affects the rights of third parties, . . . the [district] court has a duty independent of the desires of the parties to assure that the injunction is proper," even if this means considering arguments not raised by the parties. *Su v. Med. Staffing of Am., LLC*, No. 22-1290, 2023 WL 3735221, at *3 (4th Cir. May 31, 2023) (unpub.) (quoting *Chicago & N.W. Transp. Co. v. Ry. Labor Exec. Ass'n*, 908 F.2d 144, 149 (7th Cir. 1990)).

III.     Discussion

Coleman's argument focuses primarily on the merits of her case, but the Court need not examine that issue because she has not shown irreparable injury. To prevail at this stage, Coleman must show "that the injury is imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986). This follows from the *Callaway* rule quoted above. If a judgment can repair the injury, then the injury can wait until final judgment.

Coleman does offer three reasons why irreparable injury seems likely, though she provides no legal authority for her arguments. "First, it is impossible to measure the extent to which Dr. Coleman's inability to practice medicine in the Meridian area will cost lives and increase suffering by patients with breast cancer." Pl.'s Mem. [9] at 11. She says that an evidentiary hearing will allow her to call witnesses who will attest to her training and to the public's need for her services. *Id*.

But even taking those facts as true, the irreparable-injury element "requires a showing of irreparable harm to the movant rather than to one or more third parties." *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 622 (1st Cir. 1995); *accord, Morice v. Hosp. Serv. Dist. # 3*, No. CV 18-7945, 2019 WL 1517954, at *7 (E.D. La. Apr. 8, 2019) (holding plaintiff

3

"lacks standing to seek injunctive relief for harm that will occur to others" when physician had claimed "his inability to care for his patients will cause [them] irreparable injury"); *Expedia, Inc. v. United Airlines, Inc.*, No. 19-CV-1066, 2019 WL 1499269, at *6 (S.D.N.Y. Apr. 5, 2019) (holding "injuries to third parties do not demonstrate that Expedia itself will suffer irreparable harm") (citing *Fed. Ins. Co. v. Metro. Transp. Auth.*, No. 17-CV-3425, 2017 WL 2929471, at *2, *3 (S.D.N.Y. July 10, 2017) ("[T]he theoretical possibility of harm to third parties is not relevant to, and does not establish, the required showing of irreparable harm to [plaintiff], the proponent of injunctive relief in this application.")); *Jones v. Dist. of Columbia*, 177 F. Supp. 3d 542, 546 n.3 (D.D.C. 2016) (holding that "irreparable[-]harm prong of the injunctive[-]relief calculus only concerns harm suffered by the party or parties seeking injunctive relief").

Coleman's second reason is that she may have to move out of the state to find work, thus seeing less of her family.  Pl.'s Mem. [9] at 11.  But—leaving aside that "[s]tatements by counsel in briefs are not evidence," *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980)—speculative injuries will not support injunctive relief.  *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).  Nor do such consequences amount to irreparable injury in the legal sense.  The "external factors common to most discharged employees and not attributable to any actions relating to the discharge itself . . . will not support a finding of irreparable injury, however severely they may affect a particular individual." *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974)); *see Soldevila v. Sec'y of Agric.*, 512 F.2d 427, 430 (1st Cir. 1975) (holding psychological upset to self, family, and children because of wrongful discharge insufficient to show irreparable harm), *cited by Morgan v. Fletcher*, 518 F.2d 236, 240 n.10 (5th Cir. 1975) (holding plaintiff's "overwrought condition" did not show irreparable harm).

Third, Coleman speculates that the practice may lack "assets to pay a substantial judgment" but admits that this is "unknown." Pl.'s Mem. [9] at 11. Again, speculation cannot support relief, and she does not say that an evidentiary hearing would offer proof on this point.

Because Coleman does not show that she will likely incur irreparable injury if the agreement not to compete remains in force during this case, she is not entitled to injunctive relief. And an evidentiary hearing is unnecessary if, "even taking all of Plaintiff['s] facts as true," she would not make the necessary showing. *Abrego v. USA Wheel & Tire Outlet Inc.*, No. 4:16-CV-919, 2016 WL 11742282, at *1 n.2 (S.D. Tex. July 21, 2016); *see Schwing v. New Iberia Bancorp*, 95 F.3d 45, at *2 (5th Cir. 1996) (unpub.) (affirming denial of evidentiary hearing on preliminary injunction where no material dispute of fact, only of legal significance of facts). Coleman's separate motion [16] says a hearing is needed to consider the public's interest in her specialty, the potential financial harm to Meridian Imaging if the injunction were granted, and whether Coleman took proprietary information from the clinic. Mot. [16] at 1–2. None of this would support a finding of irreparable injury to Coleman; the hearing is not necessary.

IV.  Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not change the outcome. Coleman's motions for a preliminary injunction [8] and an evidentiary hearing [16] are denied.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2024.

                                                    s/ *Daniel P. Jordan III*
                                                    CHIEF UNITED STATES DISTRICT JUDGE