UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY COLEMAN, M.D.                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:22-CV-643-DPJ-LGI

MERIDIAN IMAGING, P.A.                                                                                DEFENDANT

ORDER

Defendant Meridian Imaging, PA, moves in limine [122] to exclude four categories of evidence. The Court grants the motion in part and otherwise denies it.

I.      Background

Dr. Amy Coleman sued her former employer Meridian Imaging after it refused to release her from a noncompetition agreement (NCA) that excluded her from practicing radiology in the Meridian area for two years. After discovery ended, the Court denied Defendant's motion for summary judgment. Order [124]. Meridian Imaging now asks the Court to exclude four categories of evidence from the upcoming trial: (1) specific amounts of noneconomic damages; (2) reference to punitive damages; (3) monetary damages for enforcing the NCA; and (4) Exhibit "Q" [116-17] to Dr. Coleman's response opposing summary judgment, an email between Dr. Coleman and her counsel. These issues were discussed briefly during the pretrial conference on June 13, 2025.

II.     Standard

As summarized by the Fifth Circuit:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation and quotation omitted).  As with all in limine orders, the non-prevailing party may revisit the issue at trial outside the jury's presence.  *Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42-DPJ-FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

III.   Discussion

    A.   Specific Dollar Amount of Noneconomic Damages

Meridian Imaging doesn't want Dr. Coleman to tell the jury she wants a specific amount of money for her noneconomic damages, saying she didn't disclose any such computation as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  Def.'s Mem. [123] at 2.  Dr. Coleman agrees that she will not ask the jury to award a specific amount.  Pl.'s Mem. [126] at 3. The motion is granted as unopposed on this issue.

    B.   Punitive Damages

Meridian Imaging says it did nothing that would entitle Dr. Coleman to punitive damages, so she should be precluded from offering any such evidence.  This request effectively seeks summary judgment on Dr. Coleman's punitive-damages claim.  But "a motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict."  *Jackson-Hall*, 2012 WL 1098524, at *Id*. at *6 (quoting *Morgan v. Mississippi,* No. 2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009)); *see also* 21 *Federal Practice and Procedure* § 5037.18 (stating, "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases").

That said, the Court will follow Mississippi law and bifurcate punitive damages from liability—as Dr. Coleman argued in her opposition memorandum. *See* Pl.'s Mem. [126] at 3 (citing Miss. Code Ann. § 11-1-65). Thus, the parties may not mention punitive damages or punishing Meridian Imaging until an award of compensatory damages has occurred and the Court has concluded that the jury should decide the issue. The motion is otherwise denied.

C.   Evidence of Monetary Damages from NCA Enforcement

Meridian Imaging claims Dr. Coleman can't recover monetary damages against it for enforcing the NCA because she has really pleaded "a request for declaratory relief, rather than a claim for damages." Def.'s Mem. [123] at 4. That's incorrect. Dr. Coleman seeks declaratory relief but also "actual and triple damages for violation of the Sherman Act" as well as recovery of the "amount which she would have earned" had the practice not enforced "its illegal non-compete agreement and . . . not intentionally interfered with [her] employment opportunities." Compl. [1] at 9. Also, the Court does not believe Dr. Coleman waived this claim in her summary-judgment response as Defendant suggests. This part of the motion is denied.

D.   Exhibit "Q" [116-17]

Exhibit "Q" to Dr. Coleman's summary-judgment response is a December 15, 2023 email she sent her attorney including a draft letter to Defendant asking it to release her from the NCA. Meridian Imaging objects that Dr. Coleman didn't produce it in discovery and that it contradicts her deposition testimony. Def.'s Mem. [123] at 4–5.

During the pretrial conference, Dr. Coleman stated that she sent the email to her attorney but didn't know whether it was ever forwarded to Defendant. Her counsel didn't know either. On this basis alone, the Court finds that the motion should be granted.

3

If Dr. Coleman later learns that the letter was sent, the Court would still grant this motion. Federal Rule of Civil Procedure 37(c)(1) permits documents to be used only if they have been properly and timely provided before trial, unless their introduction is either "substantially justified or harmless." There is no dispute that Dr. Coleman failed to disclose the exhibit during discovery. She claims, however, that the oversight was harmless.

Whether a delay is harmless involves a four-factor test: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bitterroot Holdings, L.L.C. v. MTGLQ Invs., L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016) (quoting *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

Here, the exhibit is of limited importance to Dr. Coleman because she says there are other documents proving the same point. Pl.'s Mem. [126] at 6. For that same reason, there is only slight prejudice to Defendant due to cumulative evidence. A continuance is not an option at this late date, and Dr. Coleman has offered no explanation for the delinquent disclosure. Accordingly, the Court grants Defendant's motion to exclude Exhibit "Q."

IV.   Conclusion

The Court has considered all arguments presented. Any not expressly addressed here would not affect the outcome. Meridian Imaging's motion [122] is granted as to Dr. Coleman's asking the jury for a specific dollar amount of noneconomic damages; granted to the extent that punitive damages will be bifurcated; and granted as to Exhibit "Q." It is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2025.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE